UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
24-60080-CR-DAMIAN/VALLE
CASE NO. _____

18 U.S.C. § 1956(h)
18 U.S.C. § 1957(a)
18 U.S.C. § 1960
18 U.S.C. § 981(a)(1)(C)
18 U.S.C. § 982(a)(1)

FILED BY ___MP___ D.C.

May 7, 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - Miami

UNITED STATES OF AMERICA

vs.

**CRISTINE PETITFRERE,**

        Defendant.
_____/

### INDICTMENT

The Grand Jury charges that:

#### GENERAL ALLEGATIONS

At all times relevant to this Indictment:

*The Defendant and Relevant Entities*

1. Defendant **CRISTINE PETITFRERE** was a resident of Miami-Dade and Broward Counties.

2. Co-conspirator 1 was a resident of the Republic of Ghana.

3. GlamGoddessArtistry, LLC ("GlamGoddessArtistry") was a Florida limited liability company with an address listed in Miramar, Florida. **CRISTINE PETITFRERE** was the listed manager of GlamGoddessArtistry.

*Romance Scams*

4. The term "romance scam" refers to a form of Internet scam in which fraudsters would establish and maintain fake or fraudulent online personas, sometimes using the names,

photographs, or other identifiers of real persons, then fraudulently induce victims to believe themselves to be romantically involved with the personas and to fraudulently obtain money from such victims.

5. Romance scam fraudsters would often target elderly, divorced, or widowed Americans. The fraudsters would contact the romance scam targets, sometimes through social media or dating web sites, and pretend to be a potential romantic partner (the "Romance Interest"). The fraudsters would use interstate emails and other means of electronic communications to communicate with each other and the romance scam targets during and in furtherance of the romance scam. At times, the fraudsters would fabricate stories to the romance scam targets about foreign travel to explain why the Romance Interests were unable to meet the romance scam targets in person.

6. At times, romance scam fraudsters would also create and use fake or fraudulent personas who purported to be accountants, lawyers, or other associates of the Romance Interests. Using one or a combination of these personas, the fraudsters would attempt to convince the romance scam target that the Romance Interest had a need for money, such as to pay a tax or a business expense, and cause the romance scam target to transfer or transmit funds to other persons or accounts as directed by the fraudsters.

7. The following persons were romance scam victims:

    a. Victim 1, born in 1956, was a resident of Phoenix, Arizona.

    b. Victim 2, born in 1952, was a resident of Evansville, Indiana.

    c. Victim 3, born in 1957, was a resident of Vienna, Virginia.

*Relevant Financial Institutions*

8. Financial Institution 1 was headquartered in Birmingham, Alabama, with branches in the Southern District of Florida.

9. Financial Institution 2 was headquartered in Accra, Ghana.

10. Financial Institution 3 was headquartered in New York, New York, with branches in the Southern District of Florida.

11. Financial Institution 4 was headquartered in Vienna, Virginia.

12. Financial Institution 5 was headquartered in Charlotte, North Carolina.

13. Financial Institution 6 was headquartered in Tysons, Virginia.

14. Financial Institution 7 was headquartered in Melbourne, Florida.

## COUNT 1
**Conspiracy to Commit Money Laundering**
**(18 U.S.C. § 1956(h))**

1. The General Allegations section of this Indictment is hereby re-alleged and incorporated by refence as though fully set forth herein.

2. Beginning in or around December 2019 and continuing through in or around August 2023, the exact dates being unknown to the Grand Jury, in Miami-Dade and Broward Counties, in the Southern District of Florida, and elsewhere, the defendant,

**CRISTINE PETITFRERE,**

did knowingly and voluntarily combine, conspire, confederate, and agree with others known and unknown to the Grand Jury, to commit an offense against the United States, that is, to knowingly engage in a monetary transaction by, through, and to a financial institution affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000 that was derived from specified unlawful activity, and knowing that the property involved in the monetary

transaction represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1957(a).

It is further alleged that the specified unlawful activity is wire fraud, in violation of Title 18, United States Code, Section 1343.

## PURPOSE OF THE CONSPIRACY

3. It was a purpose of the conspiracy for the defendant and her co-conspirators to unlawfully enrich themselves by transferring fraudulently-obtained funds between bank accounts in the United States and to bank accounts outside the United States.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendant and her co-conspirators sought to accomplish the object and purpose of the conspiracy included, among other things, the following:

4. **CRISTINE PETITFRERE** received unlawful proceeds from fraudulent payments made by romance scam victims. **PETITFRERE** would then wire the funds to Co-conspirator 1, in exchange for a fee.

5. In one instance, on or about October 20, 2020, an unidentified individual fraudulently induced Victim 1 to send $35,000 to **CRISTINE PETITFRERE's** bank account at Financial Institution 6 ending in 1857. **PETITFRERE** had previously provided her bank account information to Co-conspirator 1. On or around October 28, 2020, **PETITFRERE** transferred $32,250 to Co-conspirator 1's bank account at Financial Institution 2 in Ghana.

6. In another instance, on or about February 17, 2021, an unidentified individual fraudulently induced Victim 2 to send a cashier's check worth $80,000 to **CRISTINE PETITFRERE's** address, in the name of GlamGoddessArtistry. On or around February 24, 2021, **PETITFRERE** deposited the check into her bank account at Financial Institution 1 ending in

4

9472. On or around March 1, 2021, **PETITFRERE** transferred $71,965 to Co-conspirator 1's bank account at Financial Institution 2 in Ghana.

7.  In another instance, on or about August 5, 2022, an unidentified individual fraudulently induced Victim 3 to send $23,670 to **CRISTINE PETITFRERE's** bank account at Financial Institution 4 ending in 4391. On or about August 10, 2022, an unidentified individual fraudulently induced Victim 3 to send $134,562 to **PETITFRERE's** bank account at Financial Institution 7 ending in 7903. On or around August 17, 2022, **PETITFRERE** transferred $121,050 to Co-conspirator 1's bank account at Financial Institution 2 in Ghana.

All in violation of Title 18, United States Code, Section 1956(h).

## COUNTS 2–14
### Engaging in Transactions in Criminally Derived Property
### (18 U.S.C. § 1957(a))

1.  The General Allegations section of this Indictment is realleged and incorporated by reference as though fully set forth herein.

2.  On or about the dates set forth below, in Miami-Dade and Broward Counties, in the Southern District of Florida, and elsewhere, the defendant,

**CRISTINE PETITFRERE,**

did knowingly engage and attempt to engage in a monetary transaction by, through, and to a financial institution affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000 that was derived from specified unlawful activity, knowing that the property involved in the monetary transaction represented the proceeds of some form of unlawful activity, as more specifically described in each count below:

| Count | Approximate Date | Monetary Transaction |
|---|---|---|
| 2 | October 28, 2020 | Transfer of $32,250 from account ending in 2047 at a Financial Institution 1 branch, located in the Southern District of Florida, to account ending in 0191 at Financial Institution 2. |
| 3 | January 14, 2021 | Transfer of $102,935 from account ending in 5755 at a Financial Institution 3 branch, located in the Southern District of Florida, to account ending in 0191 at Financial Institution 2. |
| 4 | January 19, 2021 | Transfer of $94,400 from account ending in 2047 at a Financial Institution 1 branch, located in the Southern District of Florida, to account ending in 0191 at Financial Institution 2. |
| 5 | January 22, 2021 | Transfer of $180,850 from account ending in 5755 at Financial Institution 3, initiated online from the Southern District of Florida, to account ending in 0191 at Financial Institution 2. |
| 6 | February 18, 2021 | Transfer of $186,750 from account ending in 3372 at Financial Institution 3, initiated online from the Southern District of Florida, to account ending in 0191 at Financial Institution 2. |
| 7 | March 1, 2021 | Transfer of $71,965 from account ending in 9472 at Financial Institution 1, initiated online from the Southern District of Florida, to account ending in 0191 at Financial Institution 2. |
| 8 | May 5, 2021 | Transfer of $288,450 from account ending in 3372 at a Financial Institution 3 branch, located in the Southern District of Florida, to account ending in 0191 at Financial Institution 2. |
| 9 | December 27, 2021 | Transfer of $186,700 from account ending in 9544 at Financial Institution 4, initiated telephonically from the Southern District of Florida, to account ending in 0191 at Financial Institution 2. |
| 10 | January 6, 2022 | Transfer of $224,950 from account ending in 9544 at Financial Institution 4, initiated telephonically from the Southern District of Florida, to account ending in 0191 at Financial Institution 2. |
| 11 | August 17, 2022 | Transfer of $121,050 from account ending in 9544 at Financial Institution 4, initiated telephonically from the Southern District of Florida, to account ending in 0191 at Financial Institution 2. |
| 12 | August 25, 2022 | Transfer of $367,500 from account ending in 9927 at a Financial Institution 5 branch, initiated online from the Southern District of Florida, to account ending in 0191 at Financial Institution 2. |
| 13 | September 2, 2022 | Transfer of $225,000 from account ending in 9927 at a Financial Institution 5 branch, initiated online from the Southern District of Florida, to account ending in 0191 at Financial Institution 2. |

| Count | Approximate Date | Monetary Transaction |
|---|---|---|
| 14 | November 4, 2022 | Transfer of $21,450 from account ending in 9544 at Financial Institution 4, initiated telephonically from the Southern District of Florida, to account ending in 0191 at Financial Institution 2. |

It is further alleged that the specified unlawful activity was wire fraud, in violation of Title 18, United States Code, Section 1343.

In violation of Title 18, United States Code, Sections 1957(a) and 2.

## COUNT 15
## Unlicensed Money Transmitting Business
## (18 U.S.C. § 1960)

1. The General Allegations section of this Indictment is realleged and incorporated by reference as though fully set forth herein.

2. Beginning in or around December 2019 and continuing through in or around August 2023, the exact dates being unknown to the Grand Jury, in Miami-Dade and Broward Counties, in the Southern District of Florida, and elsewhere, the defendant,

**CRISTINE PETITFRERE,**

did knowingly conduct, control, manage, supervise, direct, and own all and part of an unlicensed money transmitting business, that is, a money transmitting business which affected interstate and foreign commerce in any manner and degree and otherwise involved the transmission of funds that were known to the defendant to have been derived from a criminal offense.

In violation of Title 18, United States Code, Sections 1960 and 2.

## FORFEITURE
## (18 U.S.C. §§ 981(a)(1)(C) and 982(a)(1))

1. The allegations of this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant, **CRISTINE PETITFRERE**, has an interest.

2.      Upon conviction of a violation of Title 18, United States Code, Sections 1956, 1957, and/or 1960, as alleged in this Indictment, the defendant shall forfeit to the United States any property, real or personal, involved in such offense, and any property traceable to such property, pursuant to Title 18, United States Code, Section 982(a)(1).

3.      The property subject to forfeiture as a result of the alleged offense includes, but is not limited to, a sum of money equal in value to the total amount of funds involved in or derived from the alleged offenses, which may be sought as a forfeiture money judgment.

4.      If the property subject to forfeiture, as a result of any act or omission of the defendant:

    a.   cannot be located upon the exercise of due diligence;

    b.   has been transferred or sold to, or deposited with a third party;

    c.   has been placed beyond the jurisdiction of the Court;

    d.   has been substantially diminished in value; or

    e.   has been commingled with other property, which cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

[This space intentionally blank]

All pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(1), and the procedures set forth at Title 21, United States Code, Section 853, as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

A TRUE BILL

FOREPERSON

_____
MARKENZY LAPOINTE
UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF FLORIDA

AMANDA N. LISKAMM
DIRECTOR
CONSUMER PROTECTION BRANCH
U.S. DEPARTMENT OF JUSTICE

_____
MATTHEW A. ROBINSON
TRIAL ATTORNEY
CONSUMER PROTECTION BRANCH
U.S. DEPARTMENT OF JUSTICE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE NO.: 24-60080-CR-DAMIAN/VALLE

v.

CERTIFICATE OF TRIAL ATTORNEY

CRISTINE PETITFRERE,

_____/
Defendant.

**Superseding Case Information:**
New Defendant(s) (Yes or No) ____
Number of New Defendants ____
Total number of new counts ____

**Court Division** (select one)
☐ Miami   ☐ Key West   ☐ FTP
☒ FTL     ☐ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.
3. Interpreter: (Yes or No) No
   List language and/or dialect: _____
4. This case will take  5  days for the parties to try.
5. Please check appropriate category and type of offense listed below:

   (Check only one)          (Check only one)
   I   ☒ 0 to 5 days         ☐ Petty
   II  ☐ 6 to 10 days        ☐ Minor
   III ☐ 11 to 20 days       ☐ Misdemeanor
   IV  ☐ 21 to 60 days       ☒ Felony
   V   ☐ 61 days and over

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Magistrate Case No. _____
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
9. Defendant(s) in federal custody as of _____
10. Defendant(s) in state custody as of _____
11. Rule 20 from the _____ District of _____
12. Is this a potential death penalty case? (Yes or No) No
13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) No
14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) No
15. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No
16. Did this matter involve the participation of or consultation with now Magistrate Judge Marta Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? No

By: _____
MATTHEW A. ROBINSON
DOJ Trial Attorney
Court ID No.    5503060

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

Defendant's Name: _____CRISTINE PETITFRERE_____

Case No: _____

Count #: 1

Title 18, United States Code, Section 1956(h)

Conspiracy to Commit Money Laundering
* Max. Term of Imprisonment:   10 years
* Mandatory Min. Term of Imprisonment (if applicable):   N/A
* Max. Supervised Release:   3 years
* Max. Fine:   $500,000 or twice the value of the property involved in the transaction

Counts #: 2 – 14

Title 18, United States Code, Section 1957(a)

Engaging in Transactions in Criminally Derived Property
* Max. Term of Imprisonment:   10 years as to each count
* Mandatory Min. Term of Imprisonment (if applicable):   N/A
* Max. Supervised Release:   3 years
* Max. Fine:   $500,000 or twice the value of the property involved in the transaction

Count #: 15

Title 18, United States Code, Section 1960

Unlicensed Money Transmitting Business
* Max. Term of Imprisonment:   5 years
* Mandatory Min. Term of Imprisonment (if applicable):   N/A
* Max. Supervised Release:   3 years
* Max. Fine:   $250,000 or twice the gross gain or gross loss from the offense

*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.